IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ALAMO BEER COMPANY, LLC<br>Plaintiff,<br><br>v.<br><br>OLD 300 BREWING, LLC d/b/a<br>TEXIAN BREWING CO.<br>Defendant. | §<br>§<br>§  Civil Action No. 5:14-cv-285<br>§<br>§<br>§<br>§<br>§  JURY TRIAL DEMANDED<br>§<br>§ |

**COMPLAINT**

1. Plaintiff, Alamo Beer Company, LLC complains against Defendant, Old 300 Brewing, LLC d/b/a Texian Brewing Co. ("Texian Brewing") for the acts indicated hereinbelow.

**JURISDICTION & VENUE**

2. This Complaint involves claims for unfair competition in violation of the *Lanham Act,* 15 U.S.C. §1125, common law trademark infringement, common law unfair competition, and a request to cancel a trademark registration. This Court has jurisdiction over these claims under 28 U.S.C. §§1331 and 1338.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2). Some or all of the tortuous acts of trademark infringement and unfair competition have occurred within this district and/or have been directed at Alamo Beer, a company residing within this district. Defendant Texian Brewing distributes its products in this district. Thus, this Court has personal jurisdiction over the Defendant.

{00076315.1}                                                      1

**PARTIES**

4. Plaintiff, Alamo Beer Company, LLC ("Alamo Beer") is a limited liability company duly organized under the laws of the State of Texas with its principal place of business at 718 N. Cherry Street, San Antonio, TX 78202.

5. Defendant, Old 300 Brewing, LLC, d/b/a Texian Brewing Co. ("Texian Brewing") is a limited liability company duly organized under the laws of the State of Texas with its principal place of business at 210 Honeysuckle Vine Dr., Rosenberg, TX 77469-5788, and may be served with process by serving its registered agent for service of process, Joshua Haley, 210 Honeysuckle Vine Dr., Rosenberg, TX 77469-5788.

**FACTS**

6. Alamo Beer began offering its beer under the name "ALAMO" in November 1997. Since November 1997 Alamo Beer has utilized trademarks and trade dress to advertise and develop goodwill. Alamo Beer is the owner of "ALAMO," a federally registered trademark:

| Exhibit | Reg. No. | Filing Date | Issue Date | Good |
| --- | --- | --- | --- | --- |
| A | 2,196,136 | 12/06/1994 | 08/07/2012 | Int. Cl. 32 for Beer |

7. Since 1997, Alamo Beer utilized an Alamo logo and Alamo trade dress to identify its beer ("ALAMO LOGO" and "ALAMO TRADE DRESS" respectively). The ALAMO LOGO is inherently distinctive and unique featuring a silhouette of the Alamo. The Alamo is an historical building in the city of San Antonio which played a significant role in the State of Texas' fight for independence from Mexico. The ALAMO TRADE DRESS is inherently distinctive consisting of phrasing and images synonymous with the Alamo, fight for Texas

independence, including the phrase "Remember," a star, and canons.  The ALAMO LOGO and ALAMO TRADE DRESS assist in developing the brand of the ALAMO NAME and combine to form a unique commercial impression.  The ALAMO LOGO and ALAMO TRADE DRESS were modified from the original design in 1997, **Exhibit B**, to its current state in approximately 2004, **Exhibit C**:



Original ALAMO LOGO



Current ALAMO LOGO

8. Since November 1997, Alamo Beer has spent an enormous amount of resources developing and marketing the ALAMO NAME, ALAMO LOGO, and ALAMO TRADE DRESS.  Alamo Beer currently distributes its beer under the ALAMO NAME, ALAMO LOGO,

and ALAMO TRADE DRESS in over 900 locations throughout Texas, including South Texas, Houston, West Texas, Austin and San Antonio.

9.   The public has come to recognize the distinctive ALAMO NAME, ALAMO LOGO, and ALAMO TRADE DRESS with Alamo Beer.  Alamo Beer has established an excellent reputation as to the quality of its goods under the Alamo Beer brand.  The March/April 2013 edition of DRAFT Magazine identified Alamo Beer, featuring the ALAMO NAME, ALAMO LOGO, and ALAMO TRADE DRESS, as one of the top 10 Tourist beers.  Exhibit D.  DRAFT Magazine has also given Alamo Golden Ale, a product sold under the ALAMO NAME, ALAMO LOGO, and ALAMO TRADE DRESS, a rating of 96 out of a 100.   Id.  As a result, Plaintiff has developed a significant amount of goodwill in ALAMO NAME, ALAMO LOGO, and ALAMO TRADE DRESS.

10.   After Alamo Beer developed goodwill in the ALAMO NAME, ALAMO LOGO, and ALAMO TRADE DRESS, Defendant Texian Brewing began offering beer under a logo and trade dress prominently featuring an outline of the Alamo.  Based on information and belief, Texian Brewing began utilizing an Alamo outline/silhouette in 2011/2012 for its beer:




11. Texian Brewing utilized the Alamo outline/silhouette on its beers, on its website and, based on information and belief, on tap handle knobs utilized in restaurants and bars. **Exhibit E.** Texian Brewing offers its beer in numerous places in the state of Texas including around the San Antonio area. **Exhibit E.** Texian Brewing's trade dress also utilizes Texas symbolism in advertising its beer in which the Alamo outline/silhouette contributes a prominent aspect of its commercial impression. Texian Brewing's overall commercial impression through use of the Alamo outline/silhouette is an effort to capitalize on the significant goodwill developed by Alamo Beer since 1997.

12. In an effort to resolve this matter without the necessity of litigation, Alamo Beer's President Eugene Simor emailed Joshua Haley, the registered agent of Defendant, on May 22, 2013 and requested Defendant to contact him regarding the use of the Alamo outline/silhouette. **Exhibit F.** Instead of answering Mr. Simor's email and addressing the concerns over the use of the Alamo outline/silhouette, Defendant filed a trademark application for Texian Brewing Co. + Alamo outline/silhouette design with the United States Patent and Trademark Office. **Exhibit G.** Notably, Texian Brewing's application identifies a date of first use of March 15, 2012. *Id.* Mr. Simor sent two more emails on July 1 and July 15 indicating that Alamo Beer believed Texian Brewing was infringing on Alamo Beer's rights. **Exhibit F.** On July 15, 2013, Mr. Haley finally responded that he did not believe there was any trademark infringement after consulting with an attorney.

13. In September 2013, Alamo Beer and Texian Brewing were present at the Texas Craft Brewers Festival. At the festival, several individuals within the craft beer industry were confused by the source of Defendant's beer because of the use of the Alamo outline/silhouette.

The individuals were familiar with Alamo Beer's significant goodwill in the ALAMO NAME, ALAMO LOGO, and ALAMO TRADE DRESS.

14. After failing to amicably resolve the matter without attorneys and due to the confusion created at the Texas Craft Brewers Festival, the undersigned attorney sent a cease and desist letter on October 11, 2013.  **Exhibit H.**  Defendant made some changes such as removing the Alamo outline/silhouette from specific beers and removing the phrase "Remember the Alamo."  However, Defendant continues to use the Alamo outline/silhouette on the company logo, website, advertising and marketing material, and tap handle knobs.

## COUNT I
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
## UNDER 15 U.S.C. § 1125(a)

15. The allegations set forth in Paragraphs 1 through 14 are incorporated by reference as if fully set forth herein.

16. Defendant offers beer under the Alamo outline/silhouette and does so in Texas.

17. Alamo Beer and Defendant offer goods in direct competition with one another and have competed in the same geographic region at all relevant times.

18. Defendant's acts described herein constitute false or misleading descriptions and/or representations of fact which are likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant's goods in violation of the *Lanham Act,* 15 U.S.C. §1125 (a)(1)(A) and constitute unfair competition.

19. Defendant's acts described herein further constitute a false designation of origin or a false description or representation as to the source of Defendant's goods, so that the purchasing public, distributors and others may mistakenly believe that the beer(s) of Defendant are, in fact, provided or authorized by Alamo Beer.

20. Based upon information and belief, Defendant will continue its acts of unfair competition unless enjoined by this Court. Pursuant to 15 U.S.C. §1116, Alamo Beer seeks a preliminary and permanent injunction against further acts of unfair competition by Defendant.

21. Defendant's acts of unfair competition and false designation of origin have caused great harm and damage to Alamo Beer. The amount of these damages is not yet determined. Pursuant to 15 U.S.C. §1117, Alamo Beer is entitled to and seeks Defendant's profits, actual damages, and costs of this action and such additional relief as may be deemed appropriate and awarded by this Court.

22. On information and belief, Defendant's acts of unfair competition and false designation of origin have been and continue to be deliberate and willful and warrant an award of enhanced damages. In addition, Alamo Beer is entitled to and seeks a finding that this case is exceptional and warrants an award of attorneys' fees pursuant to 15 U.S.C. §1117(a).

## COUNT II
## COMMON LAW TRADEMARK INFRINGEMENT

23. The allegations set forth in Paragraphs 1 through 22 are incorporated by reference as if fully set forth herein.

24. Alamo Beer enjoys common law trademark rights under the common law of the State of Texas, and throughout the United States, in connection with its beer offered under the ALAMO LOGO.

25. Defendant's past and current use of the Alamo outline/silhouette constitute trademark infringement under the laws of the State of Texas.

26. Defendant's acts further constitute a malicious, fraudulent, or grossly negligent attempt to profit from Alamo Beer's goodwill developed in the ALAMO LOGO and ALAMO TRADE DRESS.

27. The offering by Defendant of its similar goods using a confusingly similar logo is likely to cause and has caused confusion as to the source of origin of the services in that purchasers of Alamo Beer's goods are likely to associate or have associated such services as originating with Defendant, all to the detriment of and resulting in damages to Alamo Beer.

28. Defendant's acts of common law trademark infringement have caused great harm and damage to Alamo Beer. The amount of these damages is not yet determined. Alamo Beer seeks actual damages, exemplary damages, and such additional relief as may be deemed appropriate and awarded by this Court.

29. Based upon information and belief, Defendant will continue its willful acts of trademark infringement unless enjoined by this Court. Alamo Beer seeks a preliminary and permanent injunction against further acts of unfair competition by Defendant.

## COUNT III
## COMMON LAW UNFAIR COMPETITION

30. The allegations set forth in Paragraphs 1 through 29 are incorporated by reference as if fully set forth herein.

31. Defendant's conduct has and is likely to confuse, mislead, or deceive purchasers or potential purchasers and constitutes unfair competition under the laws of the State of Texas.

32. Defendant's acts of common law unfair competition have caused great harm and damage to Alamo Beer. The amount of these damages is not yet determined. Alamo Beer seeks actual damages, exemplary damages, and such additional relief as may be deemed appropriate and awarded by this Court.

33. Based upon information and belief, Defendant will continue its willful acts of unfair competition unless enjoined by this Court. Alamo Beer seeks a preliminary and permanent injunction against further acts of unfair competition by Defendant.

## COUNT IV
## CANCELLATION OF DEFENDANT'S REGISTRATION

34. The allegations set forth in Paragraphs 1 through 33 are incorporated by reference as if fully set forth herein.

35. Defendant's Registration No. 4,469,758 for the mark TEXIAN BREWING CO. plus design for "Beer, ale, lager, stout, porter, shandy," featuring prominent use of the Alamo outline/silhouette, is in violation of Plaintiff's prior rights in the state of Texas.

36. Defendant's Registration identifies a date of first use of March 15, 2012, well after Alamo Beer began using the ALAMO LOGO in 1997.

37. As a result of Defendant's registration of TEXIAN BREWING CO. plus design, Defendant's apparent authority of the government infringes upon Plaintiff's rights.

38. As a result of such registration, Defendant has caused confusion with Plaintiff's superior rights.

39. Such confusion will continue unless enjoined by this Court.

40. Plaintiff respectfully request that Registration No. 4,469,758 for the mark TEXIAN BREWING CO. plus design for "Beer, ale, lager, stout, porter, shandy" as owned by the Defendant be cancelled.

## JURY DEMAND

Alamo Beer hereby demands a trial by jury for all issues so triable alleged in this Complaint.

## PRAYER

WHEREFORE, Plaintiff, Alamo Beer, respectfully prays that this Court enter judgment as follows:

a. That Defendant Texian Brewing, individually, and its officers, agents, employees, attorneys, corporations, or companies under the control of Texian Brewing, and all other persons in active concert and/or participation with Texian Brewing, be forever and permanently enjoined from engaging in the acts of trademark infringement and unfair competition complained of herein, including without limitation use of the Alamo outline/silhouette or any confusingly similar mark;

b. That Defendant, Texian Brewing, be directed to provide an accounting of all revenue received from the sale of goods resulting from their acts of trademark infringement and unfair competition complained of herein and that Defendant, Texian Brewing, pay Alamo Beer all profits received by Defendant, Texian Brewing, and all damages suffered by Alamo Beer as a result of Defendant, Texian Brewing's acts of trademark infringement and unfair competition;

c. That Defendant, Texian Brewing's acts of trademark infringement and unfair competition are deliberate and willful, and that this is an exceptional case and that Alamo Beer be awarded enhanced damages, attorneys' fees, and costs of court;

d. Defendant be ordered to cancel, and the United States Patent and Trademark Office cancel, Registration No. 4,469,758 for the mark TEXIAN BREWING CO. plus Alamo outline/silhouette design for "Beer, ale, lager, stout, porter, shandy;"

e. That Plaintiff, Alamo Beer, be awarded prejudgment and postjudgment interest; and

f. For such other and further relief to which Plaintiff, Alamo Beer, shows itself justly entitled.

Respectfully submitted,

GUNN, LEE & CAVE, P.C.
300 Convent, Suite 1080
San Antonio, Texas 78205
(210) 886-9500 Telephone
(210) 886-9883 Facsimile

By:     /s/ Ted D. Lee
        Ted D. Lee
        State Bar No. 12137700
        Jason E. McKinnie
        Texas Bar No. 24070747


**ATTORNEYS FOR PLAINTIFF,
ALAMO BEER COMPANY, LLC**