IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
APR 2 8 2014
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | | |
|---|---|---|
| ALAMO BEER COMPANY, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:14-cv-285-FB |
| | § | |
| OLD 300 BREWING, LLC d/b/a TEXIAN BREWING CO., | § | |
| | § | |
| Defendant, | § | |
| | § | |
| and | § | |
| | § | |
| THE STATE OF TEXAS, BY AND THROUGH THE GENERAL LAND OFFICE, | § | |
| | § | |
| Applicant for Intervention. | § | |

## MOTION TO INTERVENE

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, The State of Texas, by and through the General Land Office ("The State of Texas"), moves for leave to intervene in order to assert the claims set forth in its proposed complaint. A copy of the proposed complaint is attached hereto. As grounds for intervention, The State of Texas respectfully shows as follows:

### I.

### Intervention of Right

The State of Texas is the owner of the historic Alamo Mission in downtown San Antonio. The State of Texas has a right to intervene in this action pursuant to Fed. R. Civ. P. 24(a). As set forth in greater detail in its proposed complaint, The State of Texas claims an interest in the property which is the subject of this action. Exhibit A to the proposed complaint lists various

1

registrations owned by The State of Texas of trademarks and service marks that consist of or include the word "ALAMO" and/or the distinctive roofline design of the Alamo Mission. In addition to its statutory rights flowing from such registrations, The State of Texas also has developed extensive common law rights in these and other marks that include the word "ALAMO" and the representation of the Alamo Mission.

The State of Texas is so situated that the disposition of the action may as a practical matter impair or impede The State of Texas's ability to protect its interest in marks which include the word "ALAMO" or a representation of the Alamo Mission. At least one party has asserted through its pleadings certain rights in marks which include a representation of the Alamo Mission and the Alamo roofline design, which assertions directly conflict with The State of Texas's claim of ownership of such marks. The effect of a judicial determination of rights in such marks without The State of Texas's participation may impair or impede future efforts by The State of Texas to protect its rights in the marks. Furthermore, The State of Texas's interest is not adequately represented by any of the existing parties.

## II.

### Permissive Intervention

In the event that that the Court determines that The State of Texas is not entitled to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a), The State of Texas should be permitted to intervene pursuant to Fed. R. Civ. P. 24(b). The State of Texas's claim and the main action have a question of law or fact in common, to wit, the question of who owns the rights to marks which include the representation of the Alamo Mission and/or the Alamo roofline design. Intervention by The State of Texas will not unduly delay or prejudice the adjudication of the rights of the original parties. In fact, intervention will result in more efficient use of the

judicial system in allowing a determination of the priority of rights to use these marks as between all claimants in a single action. Thus, intervention under Rule 24(b) is proper.

## Conclusion

The State of Texas should be allowed to intervene. It asserts rights in property at issue in this action, namely marks depicting The Alamo Mission and/or The Alamo Roofline design. Justice requires that The State of Texas be allowed to step in and protect its legitimate interest in these valuable marks.

## Certificate of Conference

On April 24, 2014, the undersigned spoke with Ted Lee and Jason McKinnie, counsel of record for Plaintiff. Plaintiff does not consent to the motion to intervene.

On April 23, 2014, the undersigned called Joshua Haley, of Defendant, and left a voice mail explaining the planned intervention and requesting a return call or email with an indication of whether the Defendant would consent to the motion to intervene. No call or email has been received more than 24 hours later, so the State assumes that Defendant does not consent to the motion to intervene.

Respectfully submitted,

Date: *April 24, 2014*

_____
Louis T. Pirkey
Texas Bar No. 16033000
Jered E. Matthysse
Texas Bar No. 24072226
PIRKEY BARBER PLLC
600 Congress Avenue, Suite 2120
Austin, TX  78701
(512) 322-5200
(512) 322-5201 (facsimile)

ATTORNEYS FOR APPLICANT FOR
INTERVENTION, THE STATE OF TEXAS, BY
AND THROUGH THE GENERAL LAND
OFFICE

Respectfully submitted,

Date: *April 24, 2014*

_____
Louis T. Pirkey
Texas Bar No. 16033000
Jered E. Matthysse
Texas Bar No. 24072226
PIRKEY BARBER PLLC
600 Congress Avenue, Suite 2120
Austin, TX  78701
(512) 322-5200
(512) 322-5201 (facsimile)

ATTORNEYS FOR APPLICANT FOR
INTERVENTION, THE STATE OF TEXAS, BY
AND THROUGH THE GENERAL LAND
OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing MOTION TO INTERVENE has been served on April 24, 2014 via first-class mail, postage prepaid, on each party as follows:

Ted D. Lee
Jason E. McKinnie
Gunn, Lee & Cave, P.C.
300 Convent Street, Suite 1080
San Antonio, TX  78205

Joshua Haley
Texian Brewing Company
210 Honeysuckle Vine Drive
Rosenberg, TX  77469-5788

_____

Case 5:14-cv-00285-FB   Document 5   Filed 04/28/14   Page 6 of 15

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALAMO BEER COMPANY, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 5:14-cv-285-FB |
| OLD 300 BREWING, LLC d/b/a TEXIAN BREWING CO., | § § § | |
| Defendant, | § § | |
| and | § § | |
| THE STATE OF TEXAS, BY AND THROUGH THE GENERAL LAND OFFICE, | § § § § | |
| Applicant for Intervention. | § | |

## COMPLAINT OF THE STATE OF TEXAS

The State of Texas, by and through the General Land Office, through its undersigned attorneys, submits its Complaint against Plaintiff Alamo Beer Company, LLC and Defendant Old 300 Brewing, LLC, d/b/a Texian Brewing Co., and for cause of action respectfully shows:

### I.

### Parties

1. Intervener, The State of Texas, by and through the General Land Office, is a state agency located at 1700 North Congress Avenue, Austin, Texas 78701.

2. On information and belief, Plaintiff Alamo Beer Company, LLC ("ABC") is a limited liability company duly organized under the laws of the State of Texas with its principal place of business at 718 N. Cherry Street, San Antonio, Texas 78202.

1

3. On information and belief, Defendant Old 300 Brewing, LLC, d/b/a Texian Brewing Co. ("Texian") is a limited liability company duly organized under the laws of the State of Texas with its principal place of business at 210 Honeysuckle Vine Dr., Rosenberg, Texas 77469-5788.

## II.

## Jurisdiction

4. This Court has jurisdiction over this claim under the provisions of the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202; under the laws of the United States relating to trademarks and unfair competition, specifically 15 U.S.C. § 1121 and 28 U.S.C. §§ 1338(a) and (b); under 28 U.S.C. § 1331; and has supplemental jurisdiction under 28 U.S.C. § 1367(a).

## III.

## The State of Texas and THE ALAMO Marks

5. The State of Texas, by and through the General Land Office (the "State"), is the owner of the premises of THE ALAMO in downtown San Antonio. As the owner, the State also owns the image of THE ALAMO and the right to commercialize that image to whatever extent the State, as owner, decides to do so. Such commercialization includes the right to use or license the use of the image on product labels.

6. The image of THE ALAMO is famous, and it has been famous for over 100 years. Consumers all over Texas, and beyond, recognize the image as that of THE ALAMO.

7. The State uses the image of THE ALAMO as a trademark ("THE ALAMO Marks") on many diverse products sold at its gift shop on the premises of THE ALAMO and through its online store, and has acquired valuable common law rights in such trademarks.

8.  In addition, the State has acted to protect many of THE ALAMO Marks through federal registration. Such registrations, and pending applications, are shown in the attached Exhibit A.

9.  THE ALAMO Marks have achieved great goodwill and are widely recognized.

10. Consumers anticipate that products bearing THE ALAMO Marks are used by or with permission of the State. Thus, use of marks bearing the image of THE ALAMO on product labels is likely to cause confusion, mistake, or deception of consumers in violation of federal law, 15 U.S.C. §§ 1114(l) and 1125(a), and the common law of the State of Texas.

11. THE ALAMO Marks are famous and have been famous since long before 2004. As such, those marks are entitled to protection from dilution under both federal and state law. Use of the marks bearing the image of THE ALAMO on product labels is likely to cause dilution by blurring and/or dilution by tarnishment of THE ALAMO Marks in violation of federal and state law. 15 U.S.C. § 1125(c); Texas Bus. & Comm. Code §16.103.

## IV.

### Controversy

12. ABC filed the complaint in this case against Texian.

13. According to its complaint, since 1997 ABC has utilized an Alamo logo and Alamo trade dress to identify its products ("ALAMO LOGO" and "ALAMO TRADE DRESS," respectively). Further, according to the complaint, "The ALAMO LOGO is inherently distinctive and unique featuring a silhouette of the Alamo. The Alamo is an historical building in the city of San Antonio which played a significant role in the State of Texas' fight for independence from Mexico. The ALAMO TRADE DRESS is inherently distinctive consisting of

phrasing and images synonymous with the Alamo, fight for Texas independence, including the phrase Remember, a star, and canons."

14. Further, according to the complaint, ABC is using the following version of the ALAMO LOGO, which it has allegedly used since 2004:



15. Further, according to the complaint, Texian uses the following mark, which includes a representation of the roofline design of THE ALAMO:



16. Because the State contends that it is the owner of marks conflicting with those shown in paragraphs 14 and 15 above, a substantial and justiciable controversy exists among the parties concerning their respective rights in and to such marks.

17. The State's rights and interests in THE ALAMO Marks are at risk of being adversely affected by ABC's action against Texian, and are not adequately represented by the original parties to the action.

### Prayer

The State of Texas prays for the following relief:

(a) Entry of judgment declaring that The State of Texas is the owner of THE ALAMO Marks, and that the marks identified in paragraphs 14 and 15 above are likely to cause confusion with, and dilution of, THE ALAMO Marks in violation of the federal and state laws identified in this complaint;

(b) A permanent injunction against use of the marks identified in paragraphs 14 and 15 above (or any confusingly similar mark) by ABC and Texian, including their agents, servants, employees, attorneys, and all those in active concert or participation with them; and,

(c) Such other and further relief as the Court may deem appropriate.

Respectfully submitted,

Date: *April 23, 2014*

Louis T. Pirkey
Texas Bar No. 16033000
Jered E. Matthysse
Texas Bar No. 24072226
PIRKEY BARBER PLLC
600 Congress Avenue, Suite 2120
Austin, TX 78701
(512) 322-5200
(512) 322-5201 (facsimile)

ATTORNEYS FOR THE STATE OF TEXAS, BY AND THROUGH THE GENERAL LAND OFFICE

# EXHIBIT A

| Mark | Serial No. File Date | Reg. No. Reg. Date | Goods/Services |
|---|---|---|---|
| FRIENDS OF THE ALAMO | 77/516,605 07/08/2008 | 3,778,851 04/20/2010 | 36 - Charitable fund raising services, namely, raising funds for the restoration repair and operation of The Alamo in San Antonio Texas |
| THE ALAMO | 85/092,869 07/26/2010 | 4,223,932 10/16/2012 | 35 - Retail gift shop services; on-line retail gift shop services; vending in the field of souvenirs<br>41 - Museum services, namely, exhibiting to the public a historic site; guided tours of a historical site; gardens for public admission; movie theater for historical movies |
| THE ALAMO | 77/847,556 10/13/2009 | 4,081,655 01/10/2012 | 41 - Museum services, namely, exhibiting to the public a historical site |
| THE ALAMO | 86/259,245 04/22/2014 | | 32 - Bottled water. |
| THE ALAMO | 85/854,765 02/20/2013 | 4,406,990 09/24/2013 | 08 - Knives; nut crackers. |
| THE ALAMO | 85/854,770 02/20/2013 | | 09 - Digital media, namely, pre-recorded DVDs and CDs featuring historical documentaries and information about a historical site; mouse pads; decorative magnets. |
| THE ALAMO | 85/854,782 02/20/2013 | 4,410,665 10/01/2013 | 14 - Jewelry, tie tacks, ornamental pins, commemorative coins. |
| THE ALAMO | 85/854,790 02/20/2013 | 4,410,666 10/01/2013 | 18 - Leather and imitation leather luggage, tote bags, backpacks, wallets, coin purses. |
| THE ALAMO | 85/854,796 02/20/2013 | 4,410,668 10/01/2013 | 24 - Kitchen towels; blanket throws. |
| THE ALAMO | 85/854,809 02/20/2013 | | 25 - Clothing, namely, shirts, sweaters, footwear, hats, caps, aprons, socks, ties, bandanas, scarves, children's and infants' cloth bibs. |
| THE ALAMO | 86/255,330 04/17/2014 | | 29 - Jalapeño Peppers, Pickled Okra, Spirited Peaches, Apricot Butter, Sweet Potato Butter, fruit preserves, soup mix.<br>30 - Barbecue sauce, chocolate, chocolate bars, coffee, cookies, hot sauce, lollipops, candy mints, mustard, pretzels, salsa, crystal sugar pieces, namely, compressed sugar; dextrose and compressed dextrose for purposes of nourishment; refreshment pastilles and candy; confectionery, namely, pastilles and sugar-free pastilles, licorice, not for medical purposes; pretzels; mustard; tea leaves; tea mix; cornbread mix; vanilla extract; chili oil; pancake syrup, topping syrup, syrup for beverages; chow chow; relish. |
| The ALAMO | 85/854,879 02/20/2013 | | 09 - Digital media, namely, pre-recorded DVDs and CDs featuring historical documentaries and information about a historical site; mouse pads; decorative magnets. |
| The ALAMO | 85/854,888 02/20/2013 | 4,410,670 10/01/2013 | 14 - Jewelry, tie tacks, ornamental pins, commemorative coins. |
| The ALAMO | 85/854,905 02/20/2013 | 4,410,673 10/01/2013 | 18 - Leather and imitation leather luggage, tote bags, backpacks, wallets, coin purses. |
| The ALAMO | 85/854,911 02/20/2013 | 4,406,997 09/24/2013 | 24 - Kitchen towels; blanket throws. |
| The ALAMO | 85/854,919 02/20/2013 | | 25 - Clothing, namely, shirts, sweaters, footwear, hats, caps, aprons, socks, ties, bandanas, scarves, children's and infants' cloth bibs. |
| The ALAMO | 85/854,930 02/20/2013 | 4,513,472 04/15/2014 | 41 - Museum services, namely, exhibiting to the public a historical site; guided tours of a historical site; gardens for public admission; movie theater for historical movies; educational services, namely, presenting talks featuring information about a historical site. |
| The ALAMO | 86/259,263 04/22/2014 | | 32 - Bottled water. |

| Mark | Serial No. File Date | Reg. No. Reg. Date | Goods/Services |
|---|---|---|---|
| The ALAMO | 86/255,340 04/17/2014 | | 29 - Jalapeño Peppers, Pickled Okra, Spirited Peaches, Apricot Butter, Sweet Potato Butter, fruit preserves, soup mix.<br>30 - Barbecue sauce, chocolate, chocolate bars, coffee, cookies, hot sauce, lollipops, candy mints, mustard, pretzels, salsa, crystal sugar pieces, namely, compressed sugar; dextrose and compressed dextrose for purposes of nourishment; refreshment pastilles and candy; confectionery, namely, pastilles and sugar-free pastilles, licorice, not for medical purposes; pretzels; mustard; tea leaves; tea mix; cornbread mix; vanilla extract; chili oil; pancake syrup, topping syrup, syrup for beverages; chow chow; relish. |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALAMO BEER COMPANY, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 5:14-cv-285-FB |
| OLD 300 BREWING, LLC d/b/a TEXIAN BREWING CO., | § § § | |
| Defendant, | § § | |
| and | § § | |
| THE STATE OF TEXAS, BY AND THROUGH THE GENERAL LAND OFFICE, | § § § § | |
| Applicant for Intervention. | § | |

## ORDER GRANTING MOTION TO INTERVENE

This Court, having considered The State of Texas' Motion to Intervene and Brief in Support, concludes that the Motion to Intervene should be granted.

The State of Texas' Complaint in Intervention, shall be filed of record herein.

IT IS SO ORDERED this ____ day of _____, 2014.

_____
U.S. DISTRICT JUDGE



