IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ALAMO BEER COMPANY, LLC, § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> OLD 300 BREWING LLC d/b/a § <br> TEXIAN BREWING CO., § <br> *Defendant*, § <br> § <br> and § <br> § <br> THE STATE OF TEXAS, BY AND § <br> THROUGH THE GENERAL LAND OFFICE, § <br> *Applicant for Intervention.* § | CASE NO. 5:14-cv-285-FB <br><br><br><br><br><br> JURY TRIAL DEMANDED |

**DEFENDANT'S ORIGINAL ANSWER**

Defendant Old 300 Brewing LLC d/b/a Texian Brewing Co. ("Defendant") files this Original Answer to Plaintiff Alamo Beer Company, LLC's ("Plaintiff") Original Complaint (the "Complaint").

SPECIFIC ADMISSIONS AND DENIALS

1.   The statements contained in Paragraph 1 of the Complaint are not subject to an admission or denial.

2.   Defendant denies the allegations in paragraph 2 of the Complaint, except for the allegation as to jurisdiction.

3.   Defendant denies the allegations in paragraph 3 of the Complaint, but does not contest that venue is proper in this district.

4.   Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 4 of the Complaint.

5.   Defendant admits the allegations in paragraph 5 of the Complaint.

6.      Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 6 of the Complaint.

7.      Defendant admits the Alamo is a historical building in the city of San Antonio which played a significant role in the State of Texas' fight for independence from Mexico. Defendant denies the remaining allegations in paragraph 7 of the Complaint.

8.      Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 8 of the Complaint.

9.      Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 9 of the Complaint.

10.     Defendant admits it began using an Alamo outline/silhouette in 2011/2012 for its beer. Defendant denies the remaining allegations in paragraph 10 of the Complaint.

11.     Defendant denies its use of the Alamo is an effort to capitalize on the significant goodwill developed by Alamo Beer since 1997 or that the Alamo is a "prominent aspect" of Texian's "commercial impression." Defendant further denies it uses the "outline/silhouette" of the Alamo is used on the top handle knobs in any way that infringes. Defendant admits the remaining allegations in paragraph 11 of the Complaint.

12.     Defendant admits the allegations in paragraph 12 of the Complaint, except for the allegation that Texian's registration was in response to Alamo's claims.

13.     Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations contained in paragraph 13 of the Complaint.

14. Defendant lacks knowledge or information sufficient to form a belief as to whether branding confusion existed at the Texas Craft Brewers Festival. Defendant admits the remaining allegations in paragraph 14 of the Complaint.

15. Defendant denies the allegations in paragraph 15 of the Complaint.

16. Defendant admits the allegations in paragraph 16 of the Complaint.

17. Defendant admits the allegations in paragraph 17 of the Complaint.

18. Defendant denies the allegations in paragraph 18 of the Complaint.

19. Defendant denies the allegations in paragraph 19 of the Complaint.

20. Defendant denies the allegations in paragraph 20 of the Complaint.

21. Defendant denies the allegations in paragraph 21 of the Complaint.

22. Defendant denies the allegations in paragraph 22 of the Complaint.

23. Defendant denies the allegations in paragraph 23 of the Complaint.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

25. Defendant denies the allegations in paragraph 25 of the Complaint.

26. Defendant denies the allegations in paragraph 26 of the Complaint.

27. Defendant denies the allegations in paragraph 27 of the Complaint.

28. Defendant denies the allegations in paragraph 28 of the Complaint.

29. Defendant denies the allegations in paragraph 29 of the Complaint.

30. Defendant denies the allegations in paragraph 30 of the Complaint.

31. Defendant denies the allegations in paragraph 31 of the Complaint.

32. Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant denies the allegations in paragraph 33 of the Complaint.

34. Defendant denies the allegations in paragraph 34 of the Complaint.

35. Defendant denies the allegations in paragraph 35 of the Complaint.

36. Defendant admits the date of first use, but denies the remainder of the allegations in paragraph 36 of the Complaint.

37. Defendant denies the allegations in paragraph 37 of the Complaint.

38. Defendant denies the allegations in paragraph 38 of the Complaint.

39. Defendant denies the allegations in paragraph 39 of the Complaint.

40. Defendant denies the allegations in paragraph 40 of the Complaint.

### DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses to the allegations made in the Complaint:

41. Defendant's claims are barred, in whole or in part, because Defendant is, at best, an innocent violator within the meaning of 15 U.S.C. § 1117(a)(3) with regard to the matter in question.

42. Defendant further challenges the validity of Plaintiff's alleged trademark registration in that the mark is vague, common, merely descriptive, there is and continues to be prior and common use by others and that Plaintiff has waived any claim to the rights in the mark. Specifically, the use of the alleged trademark is fair use as many other companies not only use it for their marketing, but also as their business name.

43. Defendant further asserts that the use of any alleged mark was fair use.

44. Defendant further asserts unclean hands, misuse, acquiescence, genericness, abandonment and estoppel.

<u>PRAYER</u>

For these reasons, upon trial hereof, Defendant prays that Plaintiff take nothing by its claims. Defendant prays for such other and further relief as the Court may deem just and proper.

                              Respectfully submitted,

                              GRAY REED & MCGRAW, P.C.

                              By: /s/   Gabe T. Vick
                                      Gabe T. Vick
                                      Federal I.D.  956281
                                      State Bar No. 24063046
                                      gvick@grayreed.com
                                      1300 Post Oak Blvd., Suite 2000
                                      Houston, Texas 77056
                                      (713) 986-7000
                                      (713) 986-7100 – Fax

                              ATTORNEY FOR DEFENDANT

OF COUNSEL:
Travis Crabtree
State Bar No. 24015192
tcrabtree@grayreed.com
Gray Reed & McGraw, P.C.
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
(713) 986-7000
(713) 986-7100 – Fax

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that a true and correct copy of the foregoing was served on all counsel of record in compliance with the Federal Rules of Civil Procedure on this the 12th day of May, 2014.

Jason Edwin McKinnie
Gunne, Lee & Cave, PC
300 Convent St., Suite 1080
San Antonio, Texas 78205
Email: jmckinnie@gunn-lee.com
Fascimile: (210) 886-9883

Jared E. Matthysse
Pirkey Barber PLLC
600 Congress Ave., Suite 2120
Austin, Texas 78701
Email: jmatthysse@pirkeybarber.com
mail to: :mcramer@thewillislawgroup.com
Facsimile: (512) 322-5201

                                              /s/    Travis Crabtree
                                                Travis Crabtree