UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ALAMO BREWING CO., LLC, | |
| Plaintiff, | |
| v. | CIVIL NO. SA-14-CA-285-FB |
| OLD 300 BREWING, LLC dba TEXIAN BREWING CO., | |
| Defendant, | |
| THE STATE OF TEXAS, | |
| Intervening Defendant. | |

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

**TO:** Honorable Fred Biery
Chief United States District Judge

Pursuant to the limited order of referral in the above-styled and numbered cause of action, referring the State of Texas' motion to intervene to a United States Magistrate Judge,[1] and consistent with the authority vested in United States Magistrate Judges under the provisions of 28 U.S.C. § 636(b)(i)(B) and rule 1(d) of the Local Rules for the Assignment of Duties to United States Magistrate Judges in the Western District of Texas, the following report is submitted for your review and consideration of the referred matters.

## I. JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and

---

[1] Docket no. 12.

supplemental jurisdiction pursuant to § 1367.

## II.  PROCEDURAL HISTORY

Plaintiff Alamo Beer Company, LLC ("Alamo Beer") initiated this proceeding on March 28, 2014, when it filed its original complaint against Old 300 Brewing Company, doing business as Texian Brewing Company ("Texian").[2]  Alamo Beer's complaint alleges, in sum, that Texian has infringed on Alamo Beer's trademark and trade dress; specifically, Texian's use of the word, "Alamo," and the outline or silhouette of the Alamo (collectively, the "Alamo Marks").[3]  Alamo Beer asserts four causes of action: false designation of origin and unfair competition under the Lanham Act; common law trademark infringement; common law unfair competition; and "cancellation of defendant's registration."[4]  As relief, Alamo Beer asks that (1) Texian "be forever and permanently enjoined from engaging" in acts of trademark infringement and unfair competition, including prohibiting Texian's "use of the Alamo outline/silhouette;" (2) Texian "provide an accounting of all revenue" resulting from trademark infringement and unfair competition and pay Alamo Beer all profits and damages resulting from Texian's "acts of trademark infringement and unfair competition;" (3) and Texian "be ordered to cancel" "Registration No. 4,469,758 for the mark TEXIAN BREWING CO. plus Alamo outline/silhouette design."[5]  Alamo Beer also asks for an award of "enhanced damages, attorneys'

---

[2]  Docket no. 1 ("original complaint").

[3]  Id. at 1-6.

[4]  Id. at 6-9.

[5]  Id. at 10.

fees, costs of court," as well as pre- and post-judgment interest, and demands a jury trial.[6]

On April 28, 2014, the State of Texas filed a motion to intervene as a matter of right and permission.[7] The State represents that it "is the owner of the historic Alamo Mission," and has registered "trademarks and service marks that consist of or include the word "ALAMO" and/or the distinctive rooftop design of the Alamo Mission."[8] Accordingly, the State seeks to intervene, arguing that the State has an interest in the property or transaction that is the subject of the action, the disposition of this action may impair the State's ability to protect its interest, and the State's interests are not adequately represented by either Alamo Beer or Texian.[9] Further, the State argues that its claim "and the main action have a question of law or fact in common," and intervention will not unduly delay or prejudice the adjudication of Alamo Beer's and Texian's rights.[10] Attached to its motion to intervene is a copy of the State's proposed complaint in intervention with its further attachment.[11]

The proposed complaint in intervention alleges that the State is the owner of marks conflicting with the marks allegedly used by Alamo Beer and Texian.[12] Specifically, the State asserts that, as the owner of the Alamo Mission, it has the right to commercialize the Alamo

---

[6] Id.

[7] Docket no. 5.

[8] Id. at 1-2.

[9] Id. at 2

[10] Id. at 2-3.

[11] Id., exhibit 1 ("proposed complaint in intervention").

[12] Proposed complaint in intervention at 4.

Mission's image—including the right to use or license the use of the image on product labels.[13] The State alleges it uses the image of the Alamo as a trademark on products sold in the gift shop on the premises of the Alamo Mission and through its online store, and it has acted to protect its trademarks through federal registration.[14] The proposed complaint in intervention asserts use of marks bearing the image of the Alamo on product labels is likely to cause confusion, mistake, or deception of consumers in violation of the Lanham Act and the common law of Texas.[15] Further, the State argues the image of the Alamo is famous, has achieved "great goodwill," is "highly recognized," and the use of marks bearing the image of the Alamo on product labels is likely to cause "dilution by blurring and/or dilution by tarnishment" in violation of the Lanham Act and Texas state law.[16] As relief, the State requests entry of judgment declaring the State is the owner of the Alamo Marks, and Alamo Beer's and Texian's marks are likely to cause confusion with and dilution of the Alamo Marks.[17] In connection with its request for declaratory relief, the State asks for a permanent injunction against use of the Alamo Marks by Alamo Beer and Texian.[18]

On May 5, 2014, Alamo Beer filed a response to the State's motion to intervene arguing

---

[13] Id. at 2.

[14] Id. at 2-3. Attached to the proposed complaint in intervention, the State provides a list of federally registered marks—including the serial number and filing date, registration number and registration date, and the corresponding goods and services. Id., exhibit A.

[15] Id. at 3 (citing 15 U.S.C. §§ 1114(1) and 1125(a)).

[16] Id. at 2-3 (citing 15 U.S.C. § 1125(c); TEX. BUS. & COMM. CODE § 16.103).

[17] Id. at 5.

[18] Id.

the intervention should be denied.[19] The response notes that Alamo Beer has used the Alamo Marks to identify its beer in commerce since 1997, and, since 1998, has owned the federally registered trademark "ALAMO" for beer.[20] The response argues the State has failed to establish a "direct, substantial, and legally protectable interest" in the current lawsuit because the State has provided only conclusory allegations that Alamo Beer's use of the Alamo Marks "would create a likelihood of confusion with the State's alleged uses of the Alamo Marks on souvenirs and trinkets," and "the State's use of the Alamo Marks on souvenirs and trinkets is sufficiently famous to create dilution."[21] Further, the response argues the State has failed to show how the litigation between Alamo Beer and Texian would harm its ability to protect its interests.[22] Specifically, Alamo Beer asserts that whether Texian infringes Alamo Beer's trade dress or trademark "has no bearing on the State's rights in offering souvenirs and trinkets under the Alamo Marks," and Alamo Beer has used the Alamo Marks for seventeen years without interference from the State.[23] Regarding permissive intervention, Alamo Beer asserts the State's position would introduce "factual elements not present and not similar to the issues in the present lawsuit;" specifically, the State's intervention would require an inquiry into the fame of the State's Alamo Marks and an analysis of the likelihood of confusion with both Alamo Beer and Texian. Alamo Beer argues, in sum: intervention is not proper under Rule 24 of the Federal

---

[19] Docket no. 8.

[20] Id. at 1.

[21] Id. at 3.

[22] Id. at 6-7.

[23] Id.

Rules of Civil Procedure as "the State has no property interest in the Alamo Marks for beer" and cannot use "'fame' as a means to create such a property interest."[24]

On May 9, 2014, the State filed a reply in support of its motion to intervene, arguing, in sum, at this stage, the State does not have to affirmatively establish trademark infringement and dilution.[25]  The State asserts it has alleged sufficient facts to plausibly establish a right to intervene and grounds for permissive intervention.  Specifically, the State argues it "owns the Alamo Marks, yet both parties claim ownership of marks that incorporate representations of the Alamo," and, "should the Court determine that either party has enforceable rights in marks depicting the Alamo, future attempts by [the State] to assert ownership of the Alamo Marks would be impaired."[26]

On May 12, 2014, Texian filed its original answer to Alamo Beer's original complaint, denying all material allegations and asserting the following affirmative defenses: (1) Texian is an "innocent violator within the meaning of 15 U.S.C. § 1117(a)(3);" (2) Alamo Beer's trademark registration is "vague, common, merely descriptive, there is and continues to be prior and common use by others," therefore Alamo Beer "has waived any claim to the rights in the mark;" (3) any alleged use of the Alamo Marks was fair use; and (4) "unclean hands, misuse, acquiescence, genericness, abandonment and estoppel."[27]  Thereafter, on May 16, 2014, the District Judge entered an order referring the State's motion to intervene and any related pleadings

---

[24] Id. at 8-9.

[25] Docket no. 9.

[26] Id. at 4-5.

[27] Docket no. 10 at 4.

to the undersigned.[28] As of the time of tendering this order to the District Clerk's Office for filing, the CM/ECF record of docket filings in this case does not show that Texian has filed a response to the State's motion to intervene or any requests for an extension of time to respond.

### III.  ISSUE PRESENTED

Whether the State of Texas should be permitted to intervene.

### IV.  STANDARD

Unless there is a federal statute conferring an unconditional right to intervene, a motion to intervene as of right is governed by Federal Rule of Civil Procedure 24(a)(2).  Federal Rule of Civil Procedure 24(a) provides:

> On timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.[29]

A motion to intervene as of right pursuant to Rule 24(a) is proper when: (1) the motion to intervene is timely; (2) the potential intervenor asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which the potential intervenor seeks to intervene; (3) the disposition of that case may impair or impede the potential intervener's ability to protect its interest; and (4) the existing parties do not adequately represent the potential intervener's interest.[30]  Although a court may deny intervention as a matter of right

---

[28] Docket no. 12.

[29] FED. R. CIV. P. 24(a).

[30] Ford v. Hunstsville, 242 F.3d 235, 239 (5th Cir. 2001) (citing Taylor v. Commc'ns Group, Inc. v. Sw. Bell Te. Co., 172 F.3d 385, 387 (5th Cir. 1999)).

due to a proposed intervenor's failure to satisfy any one of these elements, the Fifth Circuit has noted that "the inquiry under subsection (a)(2) is a flexible one, which focuses on the particular facts and circumstances surrounding each application," and concluded that "intervention of right must be measured by a practical rather than technical yardstick."[31] Intervention should generally be allowed where "no one would be hurt and greater justice could be attained."[32]

Permissive intervention is addressed by Rule 24(b) of the Federal Rules of Civil Procedure. Rule 24(b) provides, in sum, a party may be entitled to permissive intervention when an applicant's claim or defense "shares with the main action a common question of law of fact."[33]

Intervention must be sought in a "timely" fashion, whether intervention is sought as a matter of right or permissively. "There are several factors that are relevant to the determination whether an application to intervene is timely, including: (1) the length of time the proposed intervenor knew or should have known of its interest in the case, (2) the extent of the prejudice that existing parties may suffer by the proposed intervenor's delay in moving to intervene, (3) the extent of the prejudice that the would-be intervenor would suffer if intervention is denied, and (4) any unusual circumstances that bear upon the timeliness of the application."[34]

---

[31] Ross v. Marshall, 426 F.3d 745, 753 (5th Cir. 2005).

[32] Id.

[33] FED. R. CIV. P. 24(b).

[34] Stallworth v. Monsanto, 558 F.2d 257, 264-66 (5th Cir.1977); Save Our Springs Alliance Inc. v. Babbitt, 115 F.3d 346, 347 (5th Cir.1997) (same); United States v. Covington County Sch. Dist., 499 F.3d 464, 465-66 (5th Cir. 2007) (citing Jones v. Caddo Parish Sch. Bd., 735 F.2d 923, 927 (5th Cir.1984) (*en banc*)) (same).

## V.  ANALYSIS

**A.     Intervention of Right**

The State's threshold argument is that it is entitled to intervene as a matter of right.  The State does not assert it has an unconditional right to intervene by a federal statute.  Thus, pursuant to the provisions of Rule 24(a)(2), the State must demonstrate it: (1) timely filed its motion to intervene; (2) has an interest relating to the property or transaction that is the subject of the action; (3) is so situated that the disposition of the action may as a practical matter impair or impede its ability to protect its interest; and (4) has an interest that is not adequately represented by the existing parties to the suit.

With respect to the first element, it is clear the State timely filed its motion to intervene.  The original complaint was filed on March 28, 2014, and the State filed its motion to intervene on April 28, 2014, one month after initiation of the present action and before Texian filed an answer or the Court entered a scheduling order.[35]

It also seems clear that, with respect the fourth element, Alamo Beer and Texian do not adequately represent the State's interests for purposes of intervention.  The State has the burden of demonstrating inadequate representation, but this burden is "minimal," and the State need only show that representation "may be" inadequate.[36]  Here, the State is asserting that, as the owner of the Alamo Mission, it has the right to commercialize that image, which includes the right to use

---

[35] The District Judge's order for scheduling recommendations issued on May 16, 2014, see docket no. 11, and, at the time of filing this report, the docket sheet does not reflect that either original party has yet responded to the May 16 order.

[36] Trbovich v. United Mine Workers of Am., 404 U.S. 528, 538 n.10, 92 S.Ct. 630, 636 n.10 (1972).

## V.  ANALYSIS

**A.     Intervention of Right**

The State's threshold argument is that it is entitled to intervene as a matter of right.  The State does not assert it has an unconditional right to intervene by a federal statute.  Thus, pursuant to the provisions of Rule 24(a)(2), the State must demonstrate it: (1) timely filed its motion to intervene; (2) has an interest relating to the property or transaction that is the subject of the action; (3) is so situated that the disposition of the action may as a practical matter impair or impede its ability to protect its interest; and (4) has an interest that is not adequately represented by the existing parties to the suit.

With respect to the first element, it is clear the State timely filed its motion to intervene.  The original complaint was filed on March 28, 2014, and the State filed its motion to intervene on April 28, 2014, one month after initiation of the present action and before Texian filed an answer or the Court entered a scheduling order.[35]

It also seems clear that, with respect the fourth element, Alamo Beer and Texian do not adequately represent the State's interests for purposes of intervention.  The State has the burden of demonstrating inadequate representation, but this burden is "minimal," and the State need only show that representation "may be" inadequate.[36]  Here, the State is asserting that, as the owner of the Alamo Mission, it has the right to commercialize that image, which includes the right to use

---

[35] The District Judge's order for scheduling recommendations issued on May 16, 2014, see docket no. 11, and, at the time of filing this report, the docket sheet does not reflect that either original party has yet responded to the May 16 order.

[36] Trbovich v. United Mine Workers of Am., 404 U.S. 528, 538 n.10, 92 S.Ct. 630, 636 n.10 (1972).

and license the use of the Alamo Marks; Alamo Beer is asserting infringement of its federally registered trademark and trade dress by Texian's use of the Alamo Marks; and Texian is asserting, among other affirmative defenses, fair use of the Alamo Marks. Alamo Beer and Texian's interests in the suit appear to "directly conflict with the State of Texas' claim of ownership of such marks;"[37] therefore, the State's interests are not adequately represented by either Alamo Beer or Texian.

Thus, the second and third elements of the four-factor test are at the center of the Court's analysis: the interest the State holds in the Alamo Marks and whether that interest will be sufficiently impaired if the motion to intervene is denied. With respect to the second factor, to demonstrate an interest relating to the property or subject matter of the litigation sufficient to support intervention of right, the State must have a "direct, substantial, legally protectable interest in the proceedings," meaning the interest must be "one that the substantive law recognizes as belonging to or being owned by" the State.[38] Alamo Beer argues the State has not established a "direct, substantial, and legally protectable interest" in "the use of the Alamo Marks on beer."[39] The State argues it has a direct, substantial, and legally protectable interest in the subject matter of this litigation because, as the owner of the Alamo Mission, it holds the right to use and license the use of the Alamo Marks. In support, the State provides a list of its federally registered use of the Alamo Marks. The State alleges ownership of the Alamo Marks as the property owner of the Alamo Mission, and so it claims an interest relating to the property which

---

[37] Docket no. 5 at 2.

[38] Edwards v. City of Houston, 78 F.3d 983, 1004 (5th Cir. 1996) (internal citations omitted).

[39] Docket no. 8 at 3.

is the subject matter of this action.[40]  Because "the 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process,"[41] the State has established an interest sufficient to satisfy Rule 24.

The third factor is that the State must be so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest.  In <u>Deus v. Allstate Ins. Co.</u>, the Fifth Circuit held that "[i]ntervention generally is not appropriate where the applicant can protect its interests and/or recover on its claim through some other means."[42]  But, intervention should generally be allowed where "no one would be hurt and greater justice could be attained."[43]  Although Alamo Beer argues the State can bring a separate action against either Alamo Beer or Texian, it seems clear that greater justice could be attained by permitting the intervention of the State, where the State claims ownership of the Alamo Marks, Alamo Beer asserts infringement of its trademark use of the Alamo Marks, and Texian claims fair use of the Alamo Marks.

Therefore, in sum, the State has sufficiently established a right to intervene in the current action.  The State's motion to intervene as a matter of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure should be **granted**.

**B.     Permissive Intervention**

Although this report recommends granting the State's motion to intervene as a matter of

---

[40] <u>In re Lease Oil Antitrust Litig.</u>, 570 F.3d 244, 251 (5th Cir. 2009).

[41] <u>Ceres Gulf v. Cooper</u>, 957 F.2d 1199, 1203 n.10 (5th Cir. 1992) (internal citation omitted).

[42] 15 F.3d 506, 526 (5th Cir. 1994).

[43] <u>Ross v. Marshall</u>, 426 F.3d at 753.

right, in the interest of providing a complete analysis of the State's motion to Chief Judge Biery, this report includes a brief discussion of the State's alternative grounds for intervention. Permissive intervention is discretionary, and, is appropriate when (1) the intervention request is timely; (2) the intervenor's claim or defense and the main action have a question of law or fact in common; and (3) granting intervention will not unduly delay or prejudice the original parties in the case.[44]

As stated above, it seems clear that the State timely filed its motion to intervene. Alamo Beer initiated this case on March 28, 2014. The State filed its motion to intervene on April 28, 2014, one month after initiation of the present action, and before Texian filed an answer.

It also seems clear that the State's claim and the main action have a common question; chiefly, the State's claims relate to the use of the Alamo Marks, which is an issue that must be decided in the action regardless of whether it intervenes. This distinguishes the present situation from interventions that would add new issues to an existing case.[45] Additionally, Alamo Beer seeks to permanently enjoin Texian's use of the Alamo Marks, the State seeks to permanently enjoin both Alamo Beer and Texian's use of the Alamo Marks, and, among its affirmative defenses, Texian asserts fair use of the Alamo Marks. Thus, it seems clear there is a common question between the State's claim of ownership of the Alamo Marks, and Alamo Beer's claims of infringement, unfair competition, and false designation of origin by Texian's use of the Alamo Marks.

---

[44] Edwards v. City of Houston, 78 F.3d at 999.

[45] See, e.g., Howse v. Canada Goose I, 641 F.2d 317 (5th Cir. 1981) (shipyard not permitted to intervene with contract claim in suit for unpaid wages involving vessel docked at shipyard).

12

The third and final requirement for permissive intervention requires the Court to determine whether the intervention will cause "undue delay or prejudice the adjudication of the original parties' rights."[46]  Although any intervention could potentially cause delay, "'undue' [delay] means not normal or appropriate."[47]  "Any introduction of an intervenor in a case will necessitate its being permitted to actively participate, which will inevitably cause some 'delay.'"[48]  But, the case is still in its preliminary stages.  At this early stage in the proceeding, any delay will not be great and is outweighed by the fact that it is in the interest of the parties to grant the intervention.  The record does not contain information that would support a finding that the State's intervention will cause "undue" delay.

In sum, the State has demonstrated it should be permitted to intervene.  Accordingly, the State's alternative motion to intervene by permission pursuant to Rule 24(b) of the Federal Rules of Civil Procedure should be **granted**.[49]

### VI. RECOMMENDATIONS

Based upon the foregoing analysis, it is recommended that the State of Texas' motion to

---

[46] FED. R. CIV. P. 24(b)(3).

[47] Perez v. Perry, No. SA-11-CV-360, 2013 WL 5372882, at *5 (W.D. Tex. Sept. 24, 2013) (citing Appleton v. Comm'r of Internal Revenue, 430 F. App'x 135, 138 (3rd Cir. 2011)).

[48] Id.

[49] See Bible Way Church of Our Lord Jesus Christ World Wide, Inc. v. Showell, 260 F.R.D. 1 (D.D.C. Aug. 12, 2009) (granting intervenor-church's motion to intervene where church alleged ownership to the trademark at issue).  See also Finck Cigar Co., Inc. v. El Duque Group, Inc., No. SA-99-CA-817, 2001 WL 1910547 (W.D. Tex. June 28, 2001) (considering "Alamo" trademark on cigars).

intervene[50] should be **GRANTED**.

## VII.  INSTRUCTIONS FOR SERVICE AND NOTICE
## OF RIGHT TO OBJECT/APPEAL

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either: (1) electronic transmittal to all parties represented by an attorney registered as a Filing User with the Clerk of Court pursuant to the Court's Procedural Rules for Electronic Filing in Civil and Criminal Cases; or (2) by certified mail, return receipt requested, to any party not represented by an attorney registered as a Filing User.

As provided in  28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b), any party who desires to object to this Report must **file** with the District Clerk and **serve** on all parties and the Magistrate Judge written Objections to the Report and Recommendation within 10 days after being served with a copy, unless this time period is modified by the District Court.  A party filing Objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the District Court need not consider frivolous, conclusive or general objections.

A party's failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this Report will bar the party from receiving a de novo determination by the District Court.[51]  Additionally, a party's failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this Report will bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the

---

[50]  Docket no. 5.

[51]  See Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 472 (1985).

unobjected-to proposed factual findings and legal conclusions accepted by the District Court.[52]

**ORDERED, SIGNED** and **ENTERED** this 21st day of May, 2014.

*[signature: Pamela A. Mathy]*
**PAMELA A. MATHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[52] Acuna v. Brown & Root Inc., 200 F.3d 335, 340 (5th Cir. 2000); Douglass v. United Serv. Auto. Ass'n., 79 F.3d 1415, 1428 (5th Cir.1996).